IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES PATRICK BOHAN, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1025-GMS |
| | ) | |
| DAVID PIERCE, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents.[1] | ) | |

Charles Patrick Bohan, III. *Pro se* petitioner.

James Turner Wakley, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

MEMORANDUM OPINION

_____, 2015
Wilmington, Delaware

---

[1] Warden David Pierce has replaced former Warden Perry Phelps, and original party to this case. *See* Fed. R. Civ. P. 25(d).


Sleet, District Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Charles Patrick Bohan, III ("Bohan"). (D.I. 2) For the reasons discussed, the court will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

In the early morning hours of April 19, 2008, in Manningham township, New Jersey, gunfire was exchanged between an individual and two New Jersey State Troopers. The two troopers were injured, but survived, while the civilian individual was fatally wounded. While investigating that crime, New Jersey troopers learned that there were actually two cars initially involved in the chase that led to the shootout. One of the cars fled from the pursuit and its location was unknown to the New Jersey State Police. New Jersey State Troopers Giuliano and Walker responded to the shooting and located a ringing cell phone, which belonged to the deceased. The troopers eventually learned that a number from the Red Roof Inn, New Castle, Delaware, had been calling the deceased's phone. As a result, the two troopers proceeded to the Red Roof Inn in Delaware to investigate and try to learn more of the car that had fled the New Jersey scene.

While investigating another car in the Red Roof Inn parking lot the New Jersey troops saw 9 mm shells were in plain sight. Troopers Giuliano and Walker were in their parked, unmarked silver Ford Crown Victoria police car and surveilled that vehicle. Sometime after 7:00 a.m., the two troopers saw a charcoal gray Dodge Intrepid

---

[2]The factual background is taken verbatim from the State's Answering Brief in *Bohan v. State*, No. 385,2009. (D.I. 12, State's Reply Brief in *Bohan v. State*, No. 385,2009, at 3-5)

driving in the Red Roof Inn parking lot. When the Intrepid was approximately 25-30 feet from the police car, the driver's window lowered, and the driver extended his arm out his open window and pointed a black semi-automatic Beretta handgun directly at the troopers. The driver, wearing a red shirt, then brought the gun back into the car and sped off around the building. Instead of following the car, out of concern for officer safety, the troopers blocked the only exit out of the Red Roof Inn to secure the scene. There were two to three people visible in the car.

The troopers - already on high alert due to the earlier shooting - contacted Delaware State Police, put on their protective gear, and exited their car. The same Intrepid reappeared between one and three minutes later. At that time the driver - still wearing the red shirt - exited the car, made a gesture towards the troopers and fled. By that point, there was no one else in the vehicle. Within minutes, he was apprehended by assisting Delaware State Police officers and was immediately identified as Bohan - and as the person who had pointed the gun at the New Jersey troopers.

The Intrepid was searched and no gun was recovered; however, a search of the Red Roof Inn hotel room of Andrew Reddick and Andrew Bingham revealed a nine millimeter Barretta handgun wrapped in a pillowcase, hidden under the mattress.

Bohan was charged with possession of a felony during the commission of a felony, possession of a firearm by a person prohibited, and two counts of aggravated menacing. A Delaware Superior Court jury found Bohan guilty of all counts. *See Bohan v. State*, 990 A.2d 421, 422 (Del. 2010). The Superior Court sentenced him to an aggregate term of seventeen years of incarceration at Level V, suspended after eight years for decreasing levels of supervision. *See State v. Bohan*, 2011 WL 6225262 (Del. Super. Ct. Nov. 23, 2011). The Delaware Supreme

Court affirmed Bohan's convictions and sentence on direct appeal. *See Bohan*, 990 A.2d at 424

In February 2011, Bohan filed a motion for post-conviction review pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting, *inter alia*, that trial counsel had provided ineffective assistance in numerous ways. The Superior Court denied some of the claims as procedurally barred, but alternatively denied all of the claims as meritless. *See Bohan*, 2011 WL 6225262, at *2-*8. Bohan appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment. *See Bohan v. State*, 47 A.3d 971 (Table), 2012 WL 2226608, at *2 (Del. June 15, 2012).

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. Standard of Review

When a state's highest court has adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C.

4

§ 2254(d).[3] Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). This deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98-100 (2011). As recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.*

Finally, when reviewing a claim under § 2254(d), a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1); *Appel*, 250 F.3d at 210. This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). The Supreme Court has "not defined the precise relationship between § 2254(d)(2) and § 2254(e)(1)." *Burt v. Titlow*, 134 S.Ct. 10, 15 (2013); *but see Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to

---

[3] A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).

factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III. DISCUSSION

Bohan's timely filed petition contains five enumerated claims, but three of those claims assert the same ground for relief.[4] Consequently, to promote efficiency, the court views the petition as asserting the following three grounds for relief: (1) the Superior Court's failure to appoint counsel to represent Bohan during his Rule 61 proceeding deprived him of his constitutional right to counsel; (2) the Superior Court erred by not holding an evidentiary hearing on the claims in his Rule 61 motion; and (3) defense counsel provided ineffective assistance by not securing the appearance and testimony of a "key eyewitness."

### A. Claims One and Two: Not Cognizable On Federal Habeas Review

In claim one, Bohan contends that the Superior Court violated his Sixth Amendment right to counsel by not appointing an attorney to represent him during his Rule 61 proceeding because his Rule 61 motion alleged that defense counsel provided ineffective assistance during his trial. The court concurs with the State's assertion that this claim does not present an issue cognizable on federal habeas review. According to well-settled precedent,[5] there is no constitutional right to the assistance of counsel in collateral proceedings, and the recent Supreme Court decision *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) did not abrogate or modify that precedent. Rather, the *Martinez* Court held for the first time that the ineffective assistance of counsel during initial collateral review proceedings, or the failure to appoint counsel during initial collateral review

---

[4] The court has combined claims one, two and five of the petition to form claim one as set forth above. (D.I. 2 at 12, 17, 18) In turn, former claim three is now claim two, and former claim four is now claim three.

[5]*See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

proceedings, may establish cause in a federal habeas proceeding sufficient to excuse a petitioner's **procedural default** of a claim of ineffective assistance of trial counsel when, under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding rather than on direct appeal. *Id.* (emphasis added). In other words, *Martinez* created a limited method for petitioners in federal habeas cases to prove cause for excusing their state court **procedural default** of certain ineffective assistance of counsel claims. Notably, however, and relevant to claim one, the *Martinez* Court explicitly declined to hold that a criminal defendant has a constitutional right to postconviction counsel.[6] *Id.* at 1315. Thus, viewing claim one in context with *Coleman* and *Finley* demonstrates that Bohan's argument does not provide a basis for federal habeas relief

In claim two, Bohan contends that the Delaware courts erred by denying his Rule 61 motion without holding an evidentiary hearing. The "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceedings does not enter into the habeas proceeding." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998). Since Bohan's ultimate criticism in claim two concerns an alleged error that occurred during his state collateral proceeding, the court concludes that the claim fails to assert an issue cognizable on federal habeas review. *See also Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004)("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief").

---

[6]Additionally, since the sole ineffective assistance of counsel claim presented in this proceeding (i.e., claim three) was not procedurally defaulted and was adjudicated on the merits in Bohan's post-conviction appeal, *Martinez*'s limited exception to the procedural default doctrine is irrelevant to determining if claim three warrants federal habeas relief.

7

Accordingly, the court will deny claims one and two for failing to assert proper grounds for federal habeas relief.

**B. Claim Three: Ineffective Assistance**

In claim three, Bohan contends that defense counsel was ineffective for not securing the appearance and testimony of Andrew Bingham – a witness he claims would have exonerated him had he testified at trial. Bohan presented this claim to the Delaware Supreme Court on post-conviction appeal, and the Delaware Supreme Court denied it as meritless. As a result, habeas relief will only be available if the Delaware Supreme Court's decision was either contrary to, or involved an unreasonable application of, clearly established federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and

8

leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the court notes that the Delaware Supreme Court identified *Strickland* as governing Bohan's instant ineffective assistance of counsel contention. As such, the Delaware Supreme Court's decision was not contrary to clearly established federal law.

The court must also determine if the Delaware Supreme Court reasonably applied *Strickland* to the facts of Bohan's case. *See Harrington*, 562 U.S. at 105-06. "[T]he question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

After reviewing Bohan's instant argument in context with the record, the court concludes that the Delaware state courts reasonably applied *Strickland* in denying claim three. First, in his Rule 61 affidavit, defense counsel explains how he interviewed Bingham and learned that, if Bingham was forced to testify, Bingham's testimony would have implicated Bohan as the shooter. (D.I. 12, State's App. to Ans. Br. in *Bohan v. State*, No.66,2012, at B24-B25) More specifically, there were three individuals in the vehicle that Bohan was driving – Bohan, Bingham, and Redick – and Bingham told defense counsel that Redick was not the person who pointed the gun at the police. *Id.* at B24. Second, when the Delaware Supreme Court denied claim three on post-conviction appeal, it explained that,

> [t]he record reflects that the individual in question was actually in custody in Delaware and was available to be called as a witness. Defense counsel interviewed him and ascertained that he would not offer testimony favorable to the defense and, in fact, would have directly implicated Bohan as the one who pointed the gun at police. Because the witness was available and apparently willing to testify, no subpoena was necessary. Because his testimony would have been harmful to the defense, however, counsel properly declined to call him as a witness.

9

*Bohan*, 2012 WL 2226608, at *2.

Pursuant to § 2254(e)(1), the court defers to the Delaware Supreme Court's factual findings that a subpoena was unnecessary and that Bingham's testimony would have been harmful to Bohan's defense, because Bohan has not provided any clear and convincing evidence to the contrary. As a result, the court concludes that defense counsel's decision not to call Bingham as a witness constituted a reasonable informed trial strategy pursuant to *Strickland*. Accordingly, the court will deny claim three for failing to satisfy § 2254(d).

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court has concluded that Bohan's petition fails to warrant federal habeas relief. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Bohan's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate order shall issue.